

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/2020
```

**MEMORANDUM ENDORSED**

**Joshua M. Lurie, Esq.** *(licensed in NY, NJ, VT)*
**Eugene Strupinsky, Esq.** *(licensed in NY)*

**Damian Albergo, Esq.** *(of Counsel, Licensed in NY, NJ)*
**Michael J.S. Pontone, Esq.** *(of Counsel, Licensed in NY, NJ)*
**Victoria Smolyar, Esq.** *(of Counsel, Licensed in NY, NJ)*

**Helen Dukhan, Esq.** *(of Counsel, Licensed in NY, NJ)*
**Paul Hirsch, Esq.** *(of Counsel, Licensed in NY)*

May 19, 2020

<u>Via ECF</u>

Hon. Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse, 12C
500 Pearl Street
New York, New York 10007-1312

  Re: <u>Lawrence *et al.* v. NYC Medical Practice P.C. *et al.*</u>
     Civil Case No. 1:18-cv-08649

Dear Judge Woods:

  I represent NYC Medical Practice, P.C. d/b/a Goals Aesthetics & Plastic Surgery and its principal, Sergey Voskin, M.D.

  I write to respectfully request that the Court hold a telephonic hearing as soon as feasible to discuss Plaintiffs' counsel's improper and harassing conduct as to Defendants.

  This morning, pursuant to Plaintiffs' noticed 30(b)(6) deposition request, I presented a corporate representative – Mr. Giordany De la Cruz, the operations manager for the corporate defendant. Rather than ask a single question as set forth on the 30(b)(6) notice, Mr. Blau asked harassing questions and sought to improperly obtain discovery in a separate matter which he has filed against Defendants – *Washington v. N.Y.C. Medical Practice, P.C.*, Civil Case No. 1:18-cv-09052-PAC (SDNY) – a medical malpractice matter on behalf of a patient and which has nothing to do with an employment or wage and hour matter.

  As soon as counsel ignored my warnings that failure to comply with *Fed. R. Civ. P.* 30(b) would result in a call to the Court, counsel continued his harassing and improper lines of questions.

  I annex to this letter Plaintiffs' notice pursuant to *Fed. R. Civ. P.* 30(b)(6) which identifies 16 categories of questions. Instead of asking anything set forth in this notice, Mr. Blau asked:

Case 1:18-cv-08649-GHW   Document 68   Filed 05/19/20   Page 2 of 3



Lawrence v. NYC Medical Practice, P.C.
Letter to Court re Protective Order
May 19, 2020
Page 2 of 3

1. Beyond advising that and reminding Mr. De la Cruz that he was testifying under oath, he attempted to intimidate and harass by advising that if he "committed perjury" he could go to jail;

2. Questions about Mr. De la Cruz's personal life, hiring and criminal history (which we stopped);

3. Questions seeking information about Defendant Sergey Voskin, M.D.'s wife; and

4. Questions about an individual named Nicole Date (a/k/a Nikki Date), who is a key witness in the *Washington* matter, and who defied a subpoena for her testimony.[1]

Upon the start of the questions which far exceeded the scope of permissible discovery pursuant to *Fed. R. Civ. P.* 30(b)(6), I stated that if the impropriety continued, I would seek the Court's intervention and a protective order.  Notwithstanding, Plaintiff's counsel persisted in the improprieties resulting in direction to not answer questions.   I was forced to call the Court and left a message.

Once Mr. Blau began asking questions about Ms. Date, I was forced to stop the deposition to stop the harassing conduct.

The Court's deputy returned the call after I was forced to stop the deposition as a result of Plaintiffs' counsel's line of questions.

It was also evident that Mr. Blau, who has made a cottage industry of suing these Defendants, was fishing for new potential lawsuits to bring against Defendants because this matter, and the *Washington* matter, are without legal or factual support.

The deposition of Defendant Voskin is also scheduled for Thursday, May 21, 2020, and we suspect the harassment will continue during that deposition as well – seeking discovery on issues not related to this tenuous wage and hour matter.  Therefore, we hope to have this resolved as soon as the Court is available to avoid issues related to that deposition.

---

[1] The Court should also be made aware of the following facts as to Ms. Date.

First, we believe that the Plaintiffs' counsel in gross violation of the Rules of Ethics by accusing the undersigned of directing Ms. Date to not appear – which is a federal crime.  This was made to the Court more than one time.  This accusation is false and improper and an application for sanctions was made to Judge Crotty as a result of this improper conduct.

Second, at the beginning of the Deposition, Counsel requested that I provide him additional time to provide a response to a dispositive summary judgment motion filed in the *Washington* matter.  Although I initially consented, I withdrew this consent after the impropriety, because I came to believe that the purpose of that request, and the questions about Ms. Date, is to try to create an issue of fact in that matter to battle summary judgment.  That is improper.



Lawrence v. NYC Medical Practice, P.C.
Letter to Court re Protective Order
May 19, 2020
Page 3 of 3

  Plaintiffs' counsel's conduct is in bad faith, and for improper purposes and harassment. We therefore seek an appropriate protective order pursuant to *Fed. R. Civ. P.* 26(c) stopping such impropriety from continuing in depositions. Consistent with the Rule, we request that the protective order limit the questioning at deposition *only* to matters related to the specific claims in the case and not about the personal lives of Dr. Voskin or about other lawsuits.

  Both parties have requested expedited production of the transcript of this deposition and I will supplement this request upon receipt thereof.

  I thank the Court for its consideration of this request.

            Respectfully,

            Joshua M. Lurie, Esq.

JML:me
Enclosure

cc: All Counsel (via ECF)

The Court will hold a telephone conference to discuss the issues raised in this letter on May 20, 2020 at 3 p.m. The parties are directed to consult the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for dial-in information and other instructions. The parties are specifically directed to comply with Emergency Rule 2.C.

SO ORDERED.

Dated: May 19, 2020

                _____
                GREGORY H. WOODS
                United States District Judge