```
                                                          ┌─────────────────────────────┐
                                                          │ USDC SDNY                   │
                                                          │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                              │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK                             │ DOC #: _____    │
------------------------------------------------------- X │ DATE FILED: 8/9/2024        │
                                                   :      └─────────────────────────────┘
KEYLEE LAWRENCE, *et al.*,                         :
                                                   :
                                      Plaintiffs,  :              1:18-cv-8649-GHW
                                                   :
                       -v —                        :        MEMORANDUM OPINION &
                                                   :                ORDER
GOALS AESTHETIC AND PLASTIC                        :
SURGERY, *et al.*,                                 :
                                                   :
                                      Defendants.  :
                                                   :
------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

## I.    INTRODUCTION

More than six years ago, Plaintiffs brought this putative class and collective action for unpaid overtime wages.  Since then, counsel for Plaintiffs have failed to diligently pursue discovery, failed to comply with the Federal Rules of Civil Procedure, and, it has become clear, failed to adequately represent the class in the lead up to trial.  Most notably, Plaintiffs' counsel failed to pursue production of class-wide payroll records—throughout a lengthy discovery period that was twice extended and later reopened—without which, as Plaintiffs' counsel commented, it became "impossible" to present a coherent statement of the class's damages as required by Federal Rule of Civil Procedure 26.

During this extended litigation, the Court has granted multiple discovery extensions, declined to impose harsh sanctions for Plaintiffs' discovery violations, and preserved class certification by revising the class definition.  But the recent revelation that class counsel failed throughout the discovery period to seek evidence of the class's damages requires reevaluation of the counsel's adequacy to represent the class.  Because class counsel failed to adequately represent the class, and to comply with the obligation to produce a viable class-wide statement of damages under

Federal Rule of Civil Procedure 26, Defendants' motion for decertification of the class is GRANTED.

## II.    BACKGROUND

### A.  Summary of the Case and Plaintiffs' Claims

The Court refers to its previous opinions in this case for a comprehensive description of Plaintiffs' claims and the facts of this case, but briefly summarizes them here.  Plaintiffs are former employees of Defendant Goals Aesthetic and Plastic Surgery ("Goals"), a New York cosmetic surgery practice.  Dkt. No. 5 ("Complaint").  Plaintiffs Courtney Braccia and Wendy Rosado were patient coordinators at Goals.  *Id.* ¶¶ 19, 24.  Plaintiffs Keylee Lawrence and Bria Warner were receptionists.  *Id.* ¶¶ 17, 22.  In 2018, they filed a putative class and collective action against Goals and Sergey Voskin, Goals' sole shareholder, under the New York Labor Law (the "NYLL") and the Fair Labor Standards Act (the "FLSA").  *Id.*  Plaintiffs asserted that, among other statutory violations, Defendants denied them overtime wages for many of the overtime hours they worked.  *Id.*  In May 2021, the Court certified a class and collective action consisting of Goals receptionists and patient coordinators who were denied overtime pay.  Dkt. No. 139.  In August 2023, the Court scheduled a trial for the matter to begin in June 2024.  Dkt. No. 230.  In January 2024, the Court redefined the class to exclude employees paid a salary rather than an hourly wage and removed Ms. Braccia and Ms. Rosado from their roles as class representatives.  Dkt. No. 246.

### B.  The Court Sets A Discovery Schedule

The Court held an initial pretrial conference in this case in September 2019, during which it reviewed the discovery deadlines proposed by the parties and discussed expectations for discovery. The Court gave the parties two clear warnings.  First, the Court informed the parties that discovery would not be bifurcated, meaning there would be no separate class discovery period following class certification.  Instead, the Court would set a single discovery schedule for merits and class discovery.

*See* September 25, 2019 Transcript ("IPTC Tr.") at 17:16–19.  Second, the Court warned the parties that discovery deadlines were "real deadlines," and that the parties should promptly raise any discovery disputes with the Court.  *Id.* at 23:20-21.  The Court emphasized that if a party failed to do so, the Court may "take the position that you have waived your opportunity to have [the Court] order the production of the responsive information."  *Id.* at 24:5–22.

Neither party objected to proceeding on a unified discovery schedule.  Plaintiffs' counsel stated that discovery should be "very simple."  *Id.* at 19:3.  After the conference, the Court entered the case management plan and scheduling order, which reflected the premise that there would be no separate period for class discovery.  Dkt. No. 48.

### C.  Plaintiffs Produce Initial Disclosures

In October 2019, Plaintiffs produced their initial disclosures pursuant to Federal Rule of Civil Procedure 26 ("Rule 26").  See Dkt. No. 266-2 ("Pl's Initial Disclosures").  Plaintiffs identified payroll and time records as among the materials that they would "minimally" require to support their claims.  *Id.*  Notably, Plaintiffs' disclosures did not include a computation of damages as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

### D.  Plaintiffs Obtain Records Concerning the Named Plaintiffs Only

The following month, Plaintiffs served a request for production on Defendants.  Dkt. No. 270-2.  The request made no mention of class-wide time or payroll records.  Instead, Plaintiffs requested the "all-time records in the custody, possession and/or control of GOALS, setting forth *each Plaintiff's* daily arrival, departure, lunch breaks, overtime and call out time during his/her term of employment" and the "payroll records maintained by GOALS *for each Plaintiff* during his/her employment."  *Id.* at 7 (emphasis added).

Defendants objected that the term "Plaintiff" was "undefined."  Dkt. No. 76-2 (Defendants' objections to document requests) at 5.  They argued that "opt-in individuals who would become a

plaintiff, if any such person exists . . . would modify the context of the request." *Id.* They produced documents concerning the named plaintiffs only. *See* Declaration of Joshua Lurie, Dkt. No. 266 (stating that "the limitation on the requests was that they were seeking payroll records for the four initially named Plaintiffs . . . .").

Plaintiffs responded to Defendants' production with a deficiency letter. Dkt. No. 76-3. Specifically, Plaintiffs asserted that Defendants failed to produce "*complete* time records *for each Plaintiff's* daily arrival, departure, lunch breaks, overtime and call out time during his/her term of employment" and "*complete* payroll records maintained by GOALS *for each Plaintiff* during his/her employment." *Id.* at 3 (emphasis added). But Plaintiffs did not take issue with Defendants' interpretation of the term "Plaintiff" as just each "named plaintiff" nor did they object to Defendants limiting their production of records to those related to the named plaintiffs.

Plaintiffs' counsel was aware that class-wide time and payroll information was important to their case. As described, in their Rule 26 disclosures, they identified payroll records and time records as two sources of information required to support Plaintiffs' claims. Additionally, Plaintiffs' counsel requested other class-wide information during the early stages of discovery. For example, in their first set of interrogatories, dated three days before their first request for document production, Plaintiffs requested information regarding "each putative Class member," including current contact information and dates of employment. Dkt. No. 266-3 at 4. Still, based on the record before the Court, it does not appear that Plaintiffs ever served Defendants with a request for production of class-wide time and payroll records.[1] Instead, they accepted without contest that Defendants would produce time and payroll records with respect to the named plaintiffs only.

---

[1] Plaintiffs submitted a second request for production during this litigation, for arbitration agreements, as described in Section II(H).

**E.  The Court Grants Two Extensions of the Discovery Period, During Which Plaintiffs Do Not Seek Class-Wide Payroll Records**

Fact discovery was scheduled to close on March 2020.  Dkt. No. 48.  At the parties' request, the Court extended this deadline to May 2020, in part to allow Defendants additional time to obtain the payroll documents for the named plaintiffs requested by Plaintiffs and in the possession of Automatic Data Processing, Inc. ("ADP").  Dkt. No. 65.  In granting the extension, the Court again reminded the parties that the discovery deadlines established by the Court were "real deadlines." March 11, 2020 Conference Transcript at 12:23–25.  The Court also reemphasized that "to the extent that there are any discovery disputes or concerns about the adequacy, or here, the timeliness of your adversary's production or third-party's production, you should not sit on that request . . . until the end of the discovery period . . . .  [Y]ou should not expect that [the Court] will grant a request to compel your adversary to produce responsive records and the like."  Id at 13:21–14:5.

Shortly thereafter, at Plaintiffs' request, the Court once again extended the fact discovery deadline for the "limited purpose of allowing Plaintiffs to complete the depositions of the witnesses they have already noticed, and [a] single additional deposition authorized by the Court."  Dkt. No. 71.  Plaintiffs did not request permission to seek class-wide payroll and time records during either of those extended discovery periods.

**F.  The Court Sanctions Plaintiffs for Discovery Violations**

Plaintiffs' counsel submitted to Defendants a supplemental Rule 26 disclosure that included previously undisclosed information in June 2020, two days before the end of the extended discovery period.  Dkt. No. 81.  *See* Dkt. No. 77-2 ("Pl's Supp. Disclosure").  Among other things, the supplemental disclosure identified a new witness, April Robbins-Bobyn, and, for the first time, a damages computation.  *Id.*  The damages computation asserted damages only on behalf of the four named plaintiffs and did not reference the documents or other evidence upon which the calculations

were based.  *Id.*

Defendants moved to exclude the testimony of Ms. Robbins-Bobyn and the damages calculation under Federal Rule of Civil Procedure 37 ("Rule 37").  Dkt. No. 81.  Plaintiffs opposed the motion, arguing that any non-compliance with Rule 26 was "harmless, not intentional and substantially justified."  Dkt. No. 90.

The Court held a telephone conference to discuss Defendants' request and ruled on it after hearing from the parties.  Dkt. No. 101 ("June 10, 2024 Conference Tr.").  Before ruling on the motion, the Court expressed concern about a "lack of candor by counsel for plaintiffs."  *Id.* at 8:19. With respect to the disclosure of Ms. Robbins-Bobyn, the Court noted that Plaintiffs' "shifting explanations for their failure to disclose Bobyn—and the implausibility of some of those explanations—weigh[ed] in favor of the exclusion."  *Id.* at 9:16–19.  The Court also observed that the "timing of the disclosures and Plaintiffs' shifting explanations suggest that Plaintiffs may have been attempting to sandbag Defendants."  *Id.* at 11:16–18.  Nonetheless, the Court declined to preclude Ms. Robbins-Bobyn's testimony, citing its importance to Plaintiffs' claims.  *Id.* at 9–11.

With respect to the computation of damages, the Court took note of Plaintiffs' counsel's "striking" failure to argue, either in their response to Defendants' motion or at the conference, that the damages computation was important to their case.  *Id.* at 13:22.  With this failure, "Plaintiffs ha[d] arguably waived any argument that the revised damages calculations are important."  *Id.* at 13:22–23.  But as with Ms. Robbins-Bobyn's testimony, the Court did not order preclusion of the damages computation due to its importance to Plaintiffs' case.  *Id.* at 13–14.

Still, the Court emphasized that Plaintiffs' counsel was not permitted "to disobey their obligations under the rules and this Court's orders without bearing some consequences for their decisions."  *Id.* at 16:3–6.  Accordingly, the Court ordered a unilateral extension of discovery until August 25, 2020 to allow Defendants to explore the untimely disclosures.  *Id.* at 16:9–10.

Additionally, the Court ordered Plaintiffs to pay reasonable fees to Defendants. *Id.* at 15:17–16:6.

*See also* Dkt. No. 95 (written order).

### G.  Plaintiffs' Counsel's Voices an Expectation of a Separate Class Discovery Period

Shortly thereafter, Plaintiffs' counsel moved for reconsideration of the Court's order

directing Plaintiffs to pay attorneys' fees associated with their untimely disclosures to Defendants.

Dkt. No. 97.  Plaintiffs counsel argued that because "Defendants may depose Ms. Bobyn now, prior

to trial, any potential prejudice is eliminated." *Id.* at 3.  Plaintiffs also stated that should "class

certification [be] granted, another round of discovery will take place which will partially overlap with

the first stage." *Id.*

The Court held a conference later that month to discuss Plaintiffs' request.  At the

conference, the Court inquired as to the "factual basis" of Plaintiffs' "apparent expectation, that

there would be another round of discovery after a class certification briefing."  July 29, 2020

Transcript ("July 29 Tr.") at 9:21–22.  Plaintiffs' counsel responded that "after certification [was]

granted . . . the Defendants might serve subpoenas or notices to take depositions to further identify

putative class members to see if their recollection and experience as employees of the Defendant

were the same as the named Plaintiffs." *Id.* at 10:2–6.  Counsel for Plaintiffs went on to say that he

had "been in many, many class actions" and that a second stage of discovery following class

certification "invariably" occurred. *Id.* at 10:6–7.

The Court reminded the parties that to the contrary, as discussed during the initial

conference and reflected by the case management plan and scheduling order, there would be no

separate class discovery period following class certification. *Id.* at 14:9–11.  Instead, the parties had

been required to conduct both merits and class discovery during the single discovery period set by

the Court, which had ended for Plaintiffs in June 2020. *Id.* at 15:8–16.

### H.  The Court Reopens Discovery; Plaintiffs Still Do Not Seek Class-Wide Damages Evidence

The Court certified the class and collective in May 2021.  Dkt. No. 139.  Defendants were ordered to provide Plaintiffs with the names and contact information of all individuals within the definition of the collective action, for notice purposes.  *Id.*  At Defendants' request, the Court then reopened discovery to allow Defendants to explore the opt-in plaintiffs.  Dkt. No. 189.  The Court also granted Plaintiffs permission to conduct discovery regarding arbitration agreements entered into by class and collective members.  *Id.*  In reopening discovery, the Court reminded the parties that the deadlines in the case management plan "control[led]," but that the Court had discretion to modify those deadlines and would do so upon a showing of good cause.  March 16, 2022 Conference Transcript at 17:12–14.  The Court also reminded the parties about their obligations to timely update Rule 26(a) and Rule 26(e) disclosures as needed and stated that "[t]o the extent that you want to consider the completeness of your disclosures, now is the right time to do that . . . ."  March 16, 2022 Conference Transcript at 16:18-19;18:21-23.

Plaintiffs did not use this opportunity to request permission to seek class-wide payroll or time records or other class or collective evidence, other than the arbitration agreements.  Plaintiffs elected not to make the request notwithstanding the fact that that Defendants did, and the Court granted the request.  The second discovery period closed in June 2022.  Dkt. No. 189.  Plaintiffs neither made a request for production of class-wide payroll or time records, nor requested that the Court compel Defendants or ADP to produce any discovery materials.

In September 2023, Defendants moved to decertify the class, arguing that the presence of salaried workers among the class members, as well as the class members' varied employment roles, destroyed predominance and commonality.  Dkt. No. 233.  The Court denied the motion but redefined the class to exclude employees paid a salary rather than an hourly wage.  Dkt. No. 246.  Because Ms. Rosado and Ms. Braccia received a salary, the Court ordered that they be removed as

class representatives.  *Id.*

### I.  During Mediation, Defendants Subpoena Class-Wide Records and Produce Them to Plaintiffs

In December 2023, the parties engaged in mediation before Magistrate Judge Katharine Parker.  Dkt. No. 241.  At Judge Parker's suggestion, *Defendants* subpoenaed ADP for class-wide payroll records to assist with the mediation process.  Dkt. No. 267, ("April 4, 2024 Conference Tr."), at 10:13–16.  Defendants voluntarily produced those records to Plaintiffs in January 2024, years after the close of discovery.  *Id.* at 10:19.

### J.  Defendants Again Request Discovery Sanctions

In March 2024, three months before trial was scheduled to commence, Defendants requested an order for Plaintiffs to show cause why the Court should not issue sanctions for Plaintiffs' failure to comply with their discovery obligations.  Dkt. No. 247.  Specifically, Defendants asserted that Plaintiffs' computation of damages was inadequate under Rule 26.  *Id.*

The Court held a conference to discuss Defendants' request.  Shortly before the conference, Plaintiffs submitted to Defendants another supplemental damages computation that defense counsel described as "borderline unintelligible."  March 8, 2024 Transcript ("March 8, 2024 Conference Tr.") at 5:3–11.  According to defense counsel, he could not "decipher from there how these calculations [were] made, what the cause of action they relate[d] to."  *Id.* at 18:5–7.  In addition, "[i]t was clear that there were multiple individuals who were on that list who were included in the category of individuals who were removed from the class."  *Id.* at 18:5–7.

At the conference, Plaintiffs' counsel asserted that they "believe[d]" that they had "complied with [Rule 26] to the best of [their] ability."  *Id.* at 16:15–16.  They stated that they had "produced a spreadsheet of damages for each person [they] had the information for.  [They] had information for probably one half to two-thirds of the class . . . ."  *Id.* at 16:7–9.  Plaintiffs' counsel blamed their failure to provide a damages computation for all class members on their difficulty procuring ADP

employee records from either ADP or Defendants. *Id.* at 7:14–17. They claimed that they had "been trying to calculate damages, but [it was] impossible without these records." *Id.* at 8:1–3.

Plaintiffs' counsel then asked the Court to "order [defense counsel] to give [Plaintiffs] the entire records for all of the class members." *Id.* at 8:8–9. Counsel went on to express that "at this point, [they didn't] even know who the class members [were]." *Id.* at 8:9–10. Counsel requested that Defendants "tell the Court who the class members [were]" as it was "very unclear to [Plaintiffs' counsel], when [they] reviewed the records, who [they were] dealing with even." *Id.* at 8:9–13.

The Court reminded Plaintiffs' counsel that discovery in the case was "long over" and noted that Plaintiffs had waited until two weeks before the due date for pretrial submissions to make their request. *Id.* at 8:17-9:5. The Court also noted that counsel's comments regarding their inability "to demonstrate damages or even know who the members of [the] class [were]" were "frankly concerning." *Id.* at 9:15–17. The Court's "expectation [was] that discovery [was] over and that we are moving forward to trial and that counsel, acting properly, would know the answers to the questions that you are talking about already[.]" *Id.* at 9:20–24.

Plaintiffs' counsel did not offer an explanation for their failure to raise the discovery dispute with the Court in a timely manner, but insisted that they were ready to proceed to trial. *Id.* at 14:2–14:8. The Court declined to issue Defendants' requested order to show cause, but indicated that it would accept a motion *in limine* to exclude evidence based on Plaintiffs' failure to comply with Rule 26. *Id.* at 20:15–22.

### K. Plaintiffs' Counsel Produces Yet Another Supplemental Damages Computation

Several weeks after the conference, Plaintiffs produced another supplemental damages computation, in the form of two charts. *See* Dkt. Nos. 266-14; 266-15. Unlike the previous computations, the charts included a calculation of damages for every class and collective member. They showed that counsel arrived at the figures by multiplying the number of weeks each person

worked by her overtime rate and the estimated number of overtime hours she worked each week.

However, rather than providing a single damages amount for each individual, the computation

displayed a range of potential damages, based on a range of potential weekly overtime hours.  For all

receptionists, the range was 5 to 7.5 hours of overtime per week.  Dkt. No. 266-14.  For all patient

coordinators, the range was 7.5 to 20 hours of overtime per week.  Dkt. No. 266-15.  The chart for

patient coordinators identified Ms. Braccia and Ms. Rosado, the former class representatives who

were removed following the redefinition of the class, as named plaintiffs.  Dkt. No. 266-14.

The charts stated that "[t]he explanation of damage calculations defendants' documents

utilized [sic]" was contained in Defendants' third supplemental disclosures, which they produced to

Defendants concurrently with the charts.  *Id.*  Those disclosures explained that to ascertain class

member names, pay rates, and dates of employment, defendants had used documents "including but

not limited to" pay records produced by Defendants and ADP as part of the mediation process, the

spreadsheet of employees within the collective action definition that the Court had ordered

Defendants to provide for notice purposes, and a spreadsheet showing employee pay rates that

Defendants submitted as an exhibit to their motion for class decertification.  Dkt. No. 266-7.

### L.  Defendants Request Preclusion of Plaintiffs' Damages Computation

That month, Defendants requested leave to file a motion to preclude Plaintiffs' damages

calculations for failure to comply with Rule 26.  Dkt. No. 247.  The Court held a conference to

discuss the request.  At the conference, the Court asked Plaintiffs' counsel to explain why Plaintiffs'

disclosures presented each class members' damages amount as a range instead of a fixed amount.

Dkt. No. 267 ("April 4, 2024 Conference Tr.") at 29:17.  Plaintiffs' counsel stated that although the

named plaintiffs had represented that they worked 20 hours of overtime each week, they were "not

sure" whether other class members might have worked more or fewer overtime hours and that they

"would assume that somewhere in the middle of five and 20 would be a reasonable proffer of

damage[.]" *Id.* at 30:4;8–9.

The Court explained that it was "looking for [counsel's] proffer about what theory [counsel was] going to be pursuing at trial" and whether Plaintiffs' counsel would prove a specific damages amount for each class member, or whether counsel planned to ask the Court to choose a number in each range. *Id.* at 31:12-19. Plaintiffs' counsel responded that they would "be willing to stipulate a maximum of five hours overtime per week for the receptionist [sic]" but that they were "unable to do that . . . for the patient coordinators because they had different loads of patients, and [they were] going to rely on the testimony of the third-party witness, Robin Bobyn, on her observations and receipt of complaints from patient coordinators as to how much time they were working." *Id.* at 32:1-8. They also indicated that they were "going to make a motion for reconsideration" regarding the removal of Ms. Braccia and Ms. Rosado as class representatives. *Id.* at 31:3-4.

### M. Procedural Background

Defendants filed their motion to preclude Plaintiffs' damages computation under Rule 37 and to decertify the class under Rule 23 on April 23, 2024. Dkt. No. 265 ("Def's Mem."); Dkt. No. 266 ("Lurie Decl."). Defendants moved to decertify the class on the ground that Plaintiffs' class counsel was inadequate under Federal Rule of Civil Procedure 23(g) ("Rule 23(g)"). *Id.* Plaintiffs filed an opposition on May 7, 2024. Dkt. No. 269 ("Pl. Opp."); Dkt. No. 270 ("Blau Decl."). Plaintiffs asserted that their damages computation was sufficient under Rule 26 and that any violation of Rule 26 was "harmless." Pl. Opp. at 11, 23. The matter was fully briefed when Defendants filed their reply on May 15, 2024. Dkt. No. 271.

III.    DISCUSSION

A.    Preclusion

i.    Legal Standard

1.    Rule 26

Defendants assert that Plaintiffs' counsel failed to comply with Federal Rule of Civil

Procedure 26(a) ("Rule 26").  Under Rule 26:

> a party must, without awaiting a discovery request, provide to other parties: . . . a
> computation of any category of damages claimed by the disclosing party, making
> available for inspection and copying as under Rule 34 the documents or other
> evidentiary material, not privileged or protected from disclosure, on which such
> computation is based . . . .

Fed. R. Civ. P. 26(a)(A)(iii).  Rule 26(a)(1)(C) provides that a party must make that disclosure "at or

within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or

court order, or unless a party objects during the conference that initial disclosures are not

appropriate in this action and states the objection in the proposed discovery plan."  Fed. R. Civ. P.

26(a)(1)(C).  And under Rule 26(e), "[a] party who has made a disclosure under Rule 26(a) . . . must

supplement or correct its disclosure or response [] in a timely manner if the party learns that in some

material respect the disclosure or response is incomplete or incorrect . . . ."  Fed. R. Civ. P. 26(e).

 "While [Rule 26] does not indicate the level of specificity that is required to disclose a

'computation' properly, courts examining this issue have held that Rule 26(a)(1)(A)(iii) requires more

than merely setting forth the figure demanded."  *Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09 CIV.

902 JGK HBP, 2014 WL 902649, at *5 (S.D.N.Y. Mar. 7, 2014) (quotations omitted) (collecting

cases).  "In other words, the disclosures must be sufficiently specific that the opposing party has

some basis to calculate the damages claimed against it."  *Sean Thompson, M.D. v. Jamaica Hosp. Med.*

*Ctr.*, No. 13 CIV. 1896, 2015 WL 7430806, at *2 (S.D.N.Y. Nov. 20, 2015) (quoting *Max Impact,*

*LLC*, 2014 WL 902649, at *5).  As discovery progresses, "much greater detail than previously

provided [is] necessary to satisfy Rule 26(a)." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006).

Even when "damages are not the product of a simple mathematical calculation . . . the party claiming damages still has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it concerning that claim." *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12-6811 (CM) (JCF), 2013 WL 5495542, at *3 (S.D.N.Y. Oct. 3, 2013). "Plaintiffs are not excused from complying with Rule 26(a)(1)(A)(iii) simply because computing the alleged damages may be difficult." *Bernstein v. Cengage Learning, Inc.*, No. 19-CV-7541-ALC-SLC, 2022 WL 20053735, at *2 (S.D.N.Y. Apr. 21, 2022); *see also Scantibodies Laboratory, Inc. Church & Dwight Co.*, No. 14-2275 (JGK) (DF), 2016 WL 11271874, at *5 (S.D.N.Y. Nov. 4, 2016) ("[T]he fact that Plaintiff's damages computation might be complex and lengthy and involve a lot of documents [does] not excuse Plaintiff from complying with the requirements of the Rule."). In addition, "[a] party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. Pr. 26(a)(1)(E).

### 2. Rule 37

Defendants move under Rule 37 to preclude Plaintiffs from presenting their class damages calculations at trial due to Plaintiffs' counsel's asserted failures under Rule 26. Under Rule 37, courts may impose "a wide range of sanctions for . . . discovery abuses." *Mali v. Fed. Ins. Co.*, 720 F.3d 387, 392 (2d Cir. 2013). Rule 37(c) governs sanctions for a party's failure to make necessary disclosures. That rule provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(C)(1). A failure is substantially justified where a "reasonable person" could find that the

14

"parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute concerning compliance." *Lujan v. Cabana Mgmt.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012) (quoting *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. Feb. 15, 2012)); *IBM Corp. v. Micro Focus (US) Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 2240281, at *2 (S.D.N.Y. May 17, 2024) (same), *objections overruled*, No. 22 CV 9910 (VB), 2024 WL 3346078 (S.D.N.Y. July 8, 2024). "An omission or delay in disclosure is harmless where there is an absence of prejudice to the offended party." *Id.* (quotations omitted) (collecting cases). "The burden to prove substantial justification or harmlessness rests with the dilatory party." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002).

If the Court determines that the failure was neither substantially justified nor harmless, it must then determine whether preclusion is an appropriate sanction. *Lujan*, 284 F.R.D. at 70. The Second Circuit has identified four factors courts should consider: "(1) the party's explanation for the failure to comply with the [disclosure obligation]; (2) the importance of the testimony of the precluded [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

### ii. Application

Defendants are entitled to preclusion of Plaintiffs' class-wide damages computations at trial. As an initial matter, the record shows that Plaintiffs' counsel has fallen woefully short of meeting their obligations under Rule 26. Plaintiffs waited until June 2020, after the initial fact discovery period had closed, to produce their first damages computation, which included assertions of damages for Ms. Rosado, Ms. Braccia, Ms. Lawrence, and Ms. Warner only. Plaintiffs' counsel did not submit calculations of class-wide damages until March 2024, years after the close of discovery. *See* Rule 26(a)(1)(C) (requiring a party to disclose damages computations "at or within 14 days after

the parties' Rule 26(f) conference"); Fed. R. Civ. P. 26(e) (requiring parties to supplement or update

disclosures "in a timely manner"); *cf. Funk v. Belneftekhim*, No. 14-CV-376 (BMC), 2020 WL 7642868,

at *4 (E.D.N.Y. Dec. 23, 2020) (precluding Rule 26 disclosure produced after the close of discovery)

("[C]ourts have precluded plaintiffs from asserting damages theories that were not disclosed in a

timely manner. . . .") (collecting cases *clarified on denial of reconsideration*, No. 14-CV-376 (BMC), 2020

WL 13891271 (E.D.N.Y. Dec. 30, 2020).

Having determined that Plaintiffs' class-wide damages calculations were untimely and

violated Rule 26, the Court considers whether Plaintiffs have shown that their failures were

"substantially justified or harmless" under Rule 37(C). First, Plaintiffs have not shown substantial

justification because no "reasonable person" could differ as to whether Plaintiffs' counsel "was

required to comply with the disclosure request or if there exists a genuine dispute concerning

compliance." *Lujan*, 284 F.R.D. at 68. There is no dispute that Plaintiffs were required to produce

and timely supplement their damages computations because Rule 26 requires parties to do so

"without awaiting a discovery request." Fed. R. Civ. P. 26(a)(A)(iii); *see also* Fed. R. Civ. P. 26(e).

And there is no dispute that Plaintiffs failed to produce class-wide damages computations until well

after the close of discovery.

Plaintiffs argue that their "delayed disclosure of Class damages was substantially justified" by

Defendants' alleged failure to respond to discovery requests. Pl's Mem. at 19. But this argument is

unpersuasive. As an initial matter, it does not appear that Defendants failed to respond to a request

for class-wide timesheet and payroll records during the discovery period, because it does not appear

that Plaintiffs ever made one. And they never moved to compel the production of such records. In

any event, "[a] party is not excused from making its disclosures because it has not fully investigated

the case or because it challenges the sufficiency of another party's disclosures or because another

party has not made its disclosures." Fed. R. Civ. Pr. 26(a)(1)(E).

16

Plaintiffs' failure under Rule 26 was also not harmless, because it prejudiced Defendants. *Lujan*, 284 F.R.D. at 68. Defendants have had the opportunity conduct discovery only with respect to the first damages computation, and only because the Court extended the discovery period due to Plaintiffs' counsel's failure to meet their disclosure obligations. That first computation did not identify any class members on whose behalf damages were claimed other than the named plaintiffs. And even for those four plaintiffs, it did not identify any of the evidence on which the damages calculations were based. Defendants have therefore been deprived of the opportunity to conduct discovery on those matters, resulting in significant prejudice.

Because the Court has determined that Plaintiffs' failure under Rule 26 was neither substantially justified nor harmless, it now applies the four *Patterson* factors to determine whether preclusion of class damages calculations is appropriate. Application of the factors demonstrates that preclusion is warranted. As to the first factor, the party's explanation for the failure, Plaintiffs have not provided a satisfactory explanation. At conferences before the Court and in their briefing on this motion, Plaintiffs have blamed their incomplete and untimely disclosures on difficulties procuring timesheet and payroll records from ADP and Defendants. They assert in their opposition that "Defendants, NOT Plaintiffs, were derelict in their continuing obligations under Rule 26 to supplement production to Plaintiffs of dates of employment and salary/wages for each Class Member." Pl. Opp. at 16. But based on the record before the Court, it does not appear that Plaintiffs' counsel pursued class-wide timesheet and payroll records for class members at any point during the discovery period, even after the Court twice extended that period. Nor does it appear that they requested them when the Court reopened discovery following certification of the class and collective.

Moreover, even if Plaintiffs had requested class-wide records and Defendants failed to respond to the request, as the Court explained to the parties at the outset of this litigation and again

when it extended the discovery period in 2020, each party had the responsibility to timely raise discovery disputes with the Court. The Court made clear that if a party failed to do so, that party would risk "waiv[ing] [its] opportunity to have [the Court] order the production of the responsive information." IPTC Tr. at 24:5–22. Plaintiffs' counsel never requested the Court's assistance to obtain class-wide damages information during the discovery period. Plaintiffs' counsel's failure to obtain damages-related discovery does not excuse them from their Rule 26 obligations. In addition, the Court reiterates that "[a] party is not excused from making its disclosures . . . because it challenges the sufficiency of another party's disclosures . . . ." Fed. R. Civ. Pr. 26(a)(1)(E). Accordingly, the first *Patterson* factor weighs in favor of preclusion.

As to the third factor, as described, permitting Plaintiffs to present their damages calculations at trial would be highly prejudicial to Defendants. Defendants did not have the opportunity to conduct discovery with notice of the evidentiary sources by which Plaintiffs' counsel planned to prove damages, the class members who claimed damages, or the amount of damages that would be claimed by each class member. "[D]iscovery would have [] to be reopened to determine whether [Plaintiffs'] calculations [are] proper." *Design Strategy,* 469 F.3d at 297. Accordingly, this factor weighs heavily in favor of preclusion.

The fourth factor, the possibility of a continuance, also significantly favors preclusion. The parties have been litigating this case for over half a decade and have conducted years of discovery. The Court has extended the discovery period multiple times, once to accommodate this very same failure by Plaintiffs' counsel to comply with Rule 26. The Court has also already adjourned the trial in the case in part due to concerns about the adequacy of Plaintiffs' counsel. Trial is scheduled to begin on December 17, 2024. Another continuance would simply be unfair to Defendants.

The second factor, the importance of the evidence to Plaintiffs' case, is the only factor that cuts against preclusion. Plaintiffs seek no relief other than damages, and class damages are

undoubtedly one of the most important components of Plaintiffs' case.  But that consideration is insufficient to overcome the weight of the other three Patterson factors.  *See Design Strategy*, 469 F.3d at 296-97 (affirming a district court's preclusion decision because "[a]lthough the second Patterson factor favors Design because Design's evidence of lost profits was essential to proving these damages, all of the other factors weigh heavily in favor of exclusion").  Accordingly, upon a consideration of the factors identified in *Patterson*, Plaintiffs are precluded from presenting class-wide damages calculations at trial.

### B.  Adequacy of Class Counsel

#### i.  Legal Standard

Next, Defendants seek to decertify the class on the ground that class counsel is inadequate under Rule 23.  District courts have an obligation to "monitor class proceedings" and to "ensure that a certified class satisfies Rule 23 throughout [a] litigation."  *Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 261–62 (2d Cir. 2021) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982)).  Courts may "decertify a class if they find that the class no longer meets the requirements of Rule 23."  *Id.* at 261 (quoting *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999)).  A court may do so upon motion by a party or *sua sponte.  Id.*

Rule 23(g) governs the adequacy of class counsel.  *Jin*, 990 F.3d at 261.  When assessing the adequacy of class counsel, courts must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).  In addition, courts may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. Pro. 23(g)(1)(B); *see also Bolivar v. FIT Int'l Grp. Corp.*, 2017 WL 11473766 at *31–32 (S.D.N.Y. Mar. 16, 2017) ("In

determining whether to decertify a class based on the inadequacy of class counsel, courts have considered factors relating to the competency, responsibility, and vigor with which class counsel has prosecuted the action, and the prejudice that would result to the class in the event that the class remains certified or is decertified."), *report and recommendation adopted*, 2019 WL 4565067 (S.D.N.Y. Sept. 20, 2019).

The Court may decertify a class if it determines that class counsel is no longer adequate. *Jin*, 990 F.3d at 261; *see also In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1112 (10th Cir. 2001) ("Once the decision to certify a class has been made, the court remains under a continuing duty to monitor the adequacy of representation to ensure that class counsel provides zealous, competent representation through the proceedings . . . ."); *accord Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1219 (9th Cir. 2000).

### ii. Application

Throughout this nearly six-year-long litigation, Plaintiffs' counsel have failed to meet their obligations under the Court's rules and their obligations under the federal rules several times. Because the Court is no longer satisfied that Plaintiffs' counsel can adequately represent the interests of the class under Rule 23(g), it must decertify the class.

To start, counsel's failure to comply with their disclosure obligations under Rule 26 that resulted in the preclusion of Plaintiffs' class-wide damages calculations, standing alone, compels decertification. Damages are the only relief sought in this case. Plaintiffs' counsel's conduct has resulted in the barring of the presentation of class-wide damages calculations at a trial that will bind all of the class members. Representation that results in such an adverse result for the class supports the conclusion that counsel are manifestly unable to "fairly and adequately represent the interests of the class" at that trial. Fed. R. Civ. Pro. 23(g)(1)(B).

But even apart from their inability to present class-wide damages calculations at trial,

20

counsel's pattern of deficient representation throughout this litigation has convinced the Court that counsel are inadequate under Rule 23(g).  First, throughout the discovery period—which included multiple extensions—counsel never pursued class-wide time and payroll records.  Nor did they request permission to seek them when the Court reopened the discovery period following class certification to allow Defendants to conduct discovery regarding the opt-in members of the collective.  This omission by Plaintiffs' counsel is particularly concerning because they acknowledged in their initial disclosures that such materials were "minimally" required to prove Plaintiffs' claims. Pl's Initial Disclosures.  And at a recent conference, counsel for Plaintiffs asserted—reasonably— that it was "impossible" to calculate damages without the evidence they failed to procure.  March 8, 2024 Conference Tr. at 8:1–3.  While Plaintiffs apparently ultimately received class-wide records, that occurred as a result of the mediation process, not as a result of a timely request by Plaintiffs' counsel.  As discussed, Defendants obtained the records for the purpose of the mediation process and produced them to Plaintiffs in January 2024, long after the close of discovery.

Plaintiffs' counsel's initial failure to request those crucial documents may be related to their persistent lack of awareness of the discovery format and schedule in this case.  The Court made clear at the outset of this case that there would be a single discovery period during which the parties should conduct both merits and class discovery.  But when discovery closed, Plaintiffs' counsel nevertheless expressed surprise that there would be no separate class discovery period.  And presented with the opportunity to request broader discovery following certification—as Defendants did—Plaintiffs' counsel elected not to pursue such records.

Second, even if Plaintiffs had made a request for class-wide payroll and time records, it is clear from the record that they did not diligently pursue those materials or any of the other materials that they requested.  Plaintiffs argue in their opposition and have asserted at conferences before the Court that Defendants have repeatedly failed to comply with Plaintiffs' discovery requests during

this litigation.  Yet during the discovery period, Plaintiffs' counsel never made a motion to compel disclosure, requested an order to show cause, or otherwise moved the Court to enforce Defendants' or any other third party's compliance with their discovery obligations.  By counsel's own unsworn account in their opposition brief, they have stood by for years as Defendants and ADP failed to produce documents that Plaintiffs now express they wanted and needed.  This inaction is particularly notable because the Court warned the parties at the outset of this case, and again when extending the discovery period, that a failure to timely raise discovery disputes with the Court could result in a waiver of entitlement to discovery materials from adversaries and third parties.

Third, counsel's representations to Court and their most recent supplemental Rule 26 damages computation also raise serious doubts as to whether counsel has developed a coherent theory of the case and whether they are prepared to prove Plaintiffs' claims at trial.  At the March 8, 2024 conference, just two weeks before the initial due date for pretrial submissions, Plaintiffs' counsel represented to the Court that they "[didn't] know who the class members [were]."  March 8, 2024 Conference Tr. at 8:9–10.  They also represented that they were unable to assert a specific amount of damages for each class member, because they were "not sure" how many hours of uncompensated overtime—an essential fact that Plaintiffs would be required to prove at trial—each class member worked.  *Id.* at 30:4.  Counsel's uncertainty was so great that they stated that for patient coordinators, between 7.5 and 20 hours of overtime a week would be a "reasonable proffer" of damages.  *Id.* at 30:8–9.  The Court acknowledges that some amount of uncertainty regarding damages is inherent in wage and hour cases where, like here, Plaintiffs claim that Defendants failed to maintain accurate time records and where the proof of damages might rely on the testimony of representative plaintiffs.  But this level of uncertainty about what the evidence will show, long after the close of discovery, combined with counsel's uncertainty about the identities of the class members, causes the Court to doubt that Plaintiffs' counsel has performed the work necessary to

22

adequately represent the class at trial.[2]

Finally, the Court observes that even with respect to this motion for decertification, counsel have continued their pattern of deficient representation. In response to Defendants' motion for preclusion, Plaintiffs' counsel failed to raise any argument about the importance of class-wide damages to Plaintiffs' claims, which as described above, is a significant consideration in determining the appropriateness of preclusion. Plaintiffs have "arguably waived any argument that the revised damages calculations are important," just as they did with respect to Defendants' June 2020 preclusion motion. June 10, 2024 Conference Tr. at 13:22–23. In ruling on the June 2020 motion, the Court characterized that omission as "striking." *Id.* at 13:22. And it is all the more striking the second time around.

A consideration of the other relevant factors identified in Rule 23(g) does not alter the Court's conclusion that counsel are inadequate. As to the first factor, the work counsel has done to identify or investigate potential claims, the Court acknowledges that at the outset of this case, counsel asserted a number of NYLL and FLSA claims in the complaint. But given counsel's failure to diligently pursue discovery necessary to prove those claims, this factor is at best neutral. As to the fourth factor, the resources devoted to the case, counsel's lack of diligence in pursuing discovery raises doubts as to whether they have devoted sufficient resources to litigating this case. Accordingly, this factor cuts against a determination of adequacy. The Court acknowledges that the second and third factors, counsel's knowledge of the applicable law and experience litigating class

---

[2] At that conference, counsel also indicated that he would be moving for reconsideration of the Court's order removing Ms. Braccia and Ms. Rosado as class representatives. This comment too suggested to the Court that on the eve of the original trial date, counsel had not yet developed a coherent strategy to prove Plaintiffs' claims. The Court also observes that under the Southern District of New York's Local Rules, any motion for reconsideration of the Court's January 2023 opinion redefining the class would have been due months before counsel made that comment. *See* Local Civil Rule 6.3 (requiring a motion for reconsideration to be served within fourteen days after the entry of the Court's order). Ironically, Plaintiffs raise this very timing rule in their opposition, arguing that the Court should treat Defendants' motion for decertification as a motion for reconsideration of the Court's January 2023 opinion. That argument is unpersuasive because, among other things, Defendants do not request that the Court reconsider its original decision but instead move for decertification on an entirely different ground.

actions and wage and hour cases, weigh in favor of adequacy.  As the Court observed in its original

opinion certifying the class, Plaintiffs' counsel have extensive experience litigating wage and hour

cases and have served as class counsel in other actions.  The Court assumes that counsel's deficient

performance in this matter is an outlier.  But considering all of the relevant factors, the Court does

not find that counsel are adequate to represent the class in this action.

The Court has also taken into consideration that "an eve-of-trial decertification could

adversely and unfairly prejudice class members."  *Langley v. Coughlin*, 715 F. Supp. 522, 552 (S.D.N.Y.

1989).  But the Court holds that "[t]he risk of prejudice to class members due to class counsel's

inadequate representation . . . outweigh[s] the risk of prejudice due to decertifying the class just

before trial."  *Jin*, 990 F.3d at 263.  The prejudice to the class here is manifest because counsel's

failings have, among other things, left them unable to prove class damages at trial.  Accordingly, the

class is decertified.

## IV.    CONCLUSION

For these reasons, Defendants' motion to preclude evidence and decertify the class is

GRANTED.  The class is decertified.  The Clerk of Court is directed to terminate the motion

pending at Dkt. No. 264.

SO ORDERED.

Dated:  August 9, 2024
        New York, New York

_____
GREGORY H. WOODS
United States District Judge