USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
:
KEYLEE LAWRENCE, *et al.*, :
:
                           Plaintiffs, :      1:18-cv-8649-GHW
:
                      -v- :      <u>ORDER</u>
:
NYC MEDICAL PRACTICE, P.C., *et al.*, :
:
                          Defendants. :
:
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On August 23, 2024, Plaintiffs filed a motion for reconsideration of the Court's August 9, 2024 memorandum opinion and order precluding Plaintiffs from presenting class-wide damages at trial and decertifying the class (the "Order"). Dkt. No. 274 (Order); Dkt. No. 278 (motion for reconsideration or "Mot."). The Court has reviewed the motion for reconsideration and has determined that it does not provide a basis for the Court to reconsider its previous decision.

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bartlett v. Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it). "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009), because "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). Ultimately, "[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Plaintiffs have not identified any intervening or controlling law that the Court overlooked in deciding to decertify the class. Nor have Plaintiffs provided any new information that would require the Court to reconsider its decision.

Plaintiffs fail to cite any law or facts overlooked in the Order in support of their first argument in support of reconsideration—that Plaintiffs' counsels' failure to fulfill its discovery obligations was not intentional. The Order outlines the numerous instances in which Plaintiffs' counsel were reminded that discovery would not be bifurcated and that they were derelict in providing Rule 26 disclosures. *See* Order at 7, 9. Plaintiffs' counsel disputes neither these facts nor that they reflect dereliction. Instead they argue that counsel's failure may have resulted in part from

2

their forgetfulness or confusion. Mot. at 2 ("Plaintiffs' counsel, for whatever reason, most probably forgot that discovery would not be bifurcated. Part of the confusion was attributable to the fact that the prosecution of the litigation and conduct of discovery was very chaotic and difficult during Covid-19."). In the motion for reconsideration, counsel for Plaintiffs offer no additional facts explaining why they were unable to remember their discovery obligations or why the process was managed such that "conduct of discovery was very chaotic." These unsupported justifications are not proper bases for reconsideration of the Order. Counsel points to no facts or law overlooked by the Court, and the Court discussed at length the issue of Plaintiffs' counsel's negligent conduct in the Order.

Nor do these proffered justifications affect the Court's analysis. While the Court is sympathetic to the novel difficulties the pandemic posed, a lawyer's failure to remember their discovery obligations does not provide a justification for failure to comply with them.

Plaintiffs fail to offer controlling law in support of their second argument for reconsideration—that the Court applied Rule 37 preclusions unequally. Plaintiffs' assert that "Defendants waived their opportunity to have the Court order Rule 37 preclusion of class damages" because Defendants "never made a motion to compel disclosure, requested an order to show cause, or otherwise moved the Court to enforce Plaintiffs' compliance with their Rule 26 damage calculation [in] discovery." Mot. at 4. Plaintiffs' counsel does not cite any legal authority in support of this proposition, much less any authority overlooked by the Court.[1] Therefore, this is not a proper basis for reconsideration.

Moreover, Plaintiffs' argument is not firmly rooted in the facts: the damages calculations at issue in the Order were not delivered to Defendants until long after the discovery period had closed.

---

[1] Defendants' counsel was not obligated to remind the Plaintiffs' lawyer that he needed to comply with Rule 26(a) and (e).

3

Order at 10.  Plaintiffs cannot argue that Defendants should have complained about the inadequate disclosures earlier than they received them.

Plaintiffs' third argument is that any delay in their Rule 26 disclosures was harmless.  Plaintiffs offer no new facts or law to consider but merely describe the damages calculations they *would* be able to offer at trial.  This fails to address the Court's reasoning, which was that Plaintiffs' delay prejudiced Defendants because Defendants were "deprived of the opportunity to conduct discovery" with respect to damages for any other class members besides the named plaintiffs and with respect to evidence on which the named plaintiffs' damages calculations were based.  Order at 17.  The Court finds no basis to reconsider its assessment of the prejudice to Defendants.

Finally, Plaintiffs contest decertification of the class.  Again, Plaintiffs offer no new evidence that weighs against the Court's determination of the adequacy of Plaintiffs' representation.  Plaintiffs cite to a Second Circuit case that upheld a *sua sponte* class decertification five days before trial.  *See Jin v. Shanghai Original, Inc.*, 990 F.3d 251 (2d Cir. 2021).  Far from supporting Plaintiffs' argument, this case contradicts their contention that an "eve-of-trial decertification" necessarily prejudices class members to such an extent that decertification is improper.  Mot. at 1.

Furthermore, since the date of the Order, additional facts have been placed before the Court that elucidate the firm foundation of the Court's decision and confirm that the decision should not be reconsidered.  Since the Court issued the Order, both of Plaintiffs' lawyers, Shelly Leonard and Steven Bennett Blau, filed motions to withdraw.  In support of their applications, they submitted affidavits which describe the "extremely contentious" dissolution of their law firm.  Dkt. No. 292 ¶ 3.  "The members are not on speaking terms and are not cooperatively working on any remaining matters."  *Id.*  "The firm office has been closed" and "is now without any employees or administrative support staff."  Dkt. No. 290 ¶ 3.

Moreover, Mr. Blau, who "has been the principal lead trial attorney for this matter," Dkt.

4

No. 292 ¶ 4, has been suffering from "disabilities associated with [an] incurable and progressive medical condition, which has affected [him] both physically and emotionally," Dkt. No. 290 ¶ 4. Without assistance, Mr. Blau asserts that he "[has] been unable to perform all aspects of the pre-trial procedures and preparations required by the Court's Individual Rules." *Id.* ¶ 5. Lacking "the physical stamina or emotional fortitude to try this or any other case," Mr. Blau requested to withdraw from the case. *Id.* ¶ 14.

The Court did not know all of these facts at the time of its decision in the Order. The Court's decision was based on the perceptible performance issues laid out in the Order. The affidavits submitted in connection with counsel's motions to withdraw provide insight into the root causes of those issues. The Court cannot, in light of these facts, reconsider its decision that "counsel are inadequate to represent the class in this action." Order at 24.

Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 278.

SO ORDERED.

Dated: September 27, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge