```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
KEYLEE LAWRENCE, et al.,                                           :
                                                                   :
                                              Plaintiffs,          :      1:18-cv-08649-GHW
                                                                   :
                     -v-                                           :            ORDER
                                                                   :
NYC MEDICAL PRACTICE, P.C., et al.,                                :
                                                                   :
                                              Defendants.          :
                                                                   :
------------------------------------------------------------------ X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 10/29/2024

GREGORY H. WOODS, United States District Judge:

On September 24, 2024, the Court granted Plaintiffs' counsel's motion to withdraw from this case. *See* Dkt. No. 302. The Court stayed the case until October 24, 2024 to allow Plaintiffs time to seek new counsel and directed that, if Plaintiffs choose to be represented by new counsel, the attorneys file a notice of appearance in this matter no later than October 23, 2024. *Id.* As of the date of this order, no such notice of appearance has been filed on the docket.

The Court held a status conference on October 29, 2024. In its September 24, 2024 order, the Court directed that if no attorney has filed a notice of appearance for a plaintiff, that plaintiff must appear at the October 29, 2024 conference herself to litigate the case *pro se*. *Id.* The Court warned that "[i]f a plaintiff fails to appear at the October 29, 2024 conference, either through counsel or personally, the Court may impose sanctions, including the dismissal of any claims in this case, for failure to prosecute." *Id. See* Fed. R. Civ. P. 41(b). The Court, the Court's staff, and the defendants' counsel all appeared at the October 29, 2024 conference. But Plaintiffs did not.

The Court will hold additional status conferences with respect to this matter by telephone. The first will be held on **November 13, 2024 at 4:00 p.m.**, and the second will be held on **November 20, 2024 at 4:00 p.m.** The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual

Rules contains the dial-in number for the conference and other relevant instructions. Specifically, the parties should call into the Court's dedicated conference line at (888) 557-8511, and enter Access Code 747-0200, followed by the pound (#) key.

The following procedures shall apply to all teleconferences with the Court: Counsel should use a landline whenever possible, should use a headset instead of speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise. In addition, counsel should not use voice-activated systems that do not allow the user to know when someone else is trying to speak at the same time. To facilitate orderly teleconferences and the creation of an accurate transcript where a teleconference is held on the record, counsel are required to identify themselves every time they speak. Counsel should spell any proper names for the court reporter. Counsel should also take special care not to interrupt or speak over one another. The recording of any court conference is prohibited by law. Like in-person conferences, telephone conferences are open to the public. Members of the public or the press may join a telephone conference using the dial-in information above.

**Plaintiffs are ordered to personally attend both the November 13, 2024 conference and the November 20, 2024 conference.** "'[A]ll litigants . . . have an obligation to comply with court orders,' and failure to comply may result in sanctions." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)). If a plaintiff does not attend the conferences, that will result in the Court dismissing her claims against the defendants for failure to prosecute. *See Lawrence v. Curry Shack, Corp.*, No. 17-CV-10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) ("Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995))).

The Clerk of Court is directed to mail a copy of this order to Plaintiffs by certified mail.

SO ORDERED.

Dated: October 29, 2024
      New York, New York

                                                  GREGORY H. WOODS
                                                United States District Judge