```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
KEYLEE LAWRENCE, *et al.*,                                    :
                                                              :
                                      Plaintiffs,             :     1:24-cv-8649-GHW
                                                              :
                       -v-                                    :     ORDER
                                                              :
NYC MEDICAL PRACTICE, P.C., *et al.*,                         :
                                                              :
                                      Defendants.             :
                                                              :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On September 24, 2024, the Court granted Plaintiffs' counsel's motion to withdraw from this case. *See* Dkt. No. 302. The Court stayed the case until October 24, 2024 to allow Plaintiffs time to seek new counsel and directed that, if Plaintiffs choose to be represented by new counsel, the attorneys file a notice of appearance in this matter no later than October 23, 2024. *Id.* As of the date of this Order, no such notice of appearance has been filed on the docket.

The Court held a status conference on October 29, 2024. In its September 24, 2024 order, the Court directed that if no attorney has filed a notice of appearance for a plaintiff, that plaintiff must appear at the October 29, 2024 conference herself to litigate the case *pro se*. *Id.* The Court warned that "[i]f a plaintiff fails to appear at the October 29, 2024 conference, either through counsel or personally, the Court may impose sanctions, including the dismissal of any claims in this case, for failure to prosecute." *Id. See* Fed. R. Civ. P. 41(b). The Court, the Court's staff, and the defendants' counsel all appeared at the October 29, 2024 conference. But Plaintiffs did not.

The Court then scheduled two additional status conferences with respect to this matter for November 13, 2024 and November 20, 2024. Dkt. No. 306. Plaintiffs were ordered to personally attend both conferences. *Id.* In its October 29, 2024 order, the Court warned Plaintiffs that failure by any plaintiff to attend the conferences "will result in the Court dismissing her claims against the

defendants for failure to prosecute." *Id.* At the November 13, 2024 conference, counsel for Defendants appeared; Plaintiffs Keylee Lawrence, Bria Warner, and Wendy Rosado appeared *pro se*; and Plaintiffs Courtney Braccia, Summer Robbins, Elizabeth Vargas, and Richard Soto failed to appear. The Court and the parties present at the November 13, 2024 conference set a schedule for a bench trial in this matter. *See* Dkt. No. 308 ("A bench trial in this matter will begin on April 28, 2025 at 9:00 a.m."). At the November 20, 2024 conference, counsel for Defendants appeared, and all Plaintiffs failed to appear, either personally or through counsel.

The Court finds that Plaintiffs Braccia, Robbins, Vargas, and Soto are taking no steps to prosecute this case. "Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Lawrence v. Curry Shack, Corp.*, No. 17-CV-10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider: (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Dismissal of the claims by Plaintiffs Braccia, Robbins, Vargas, and Soto is warranted here. Plaintiffs Braccia, Robbins, Vargas, and Soto have failed to comply with several of the Court's orders. They have failed to appear for three Court-scheduled conferences at which their personal

appearance was specifically ordered. *See* Dkt. Nos. 302, 306. Since Plaintiffs' counsel withdrew from the representation two months ago, Plaintiffs Braccia, Robbins, Vargas, and Soto have not communicated with the Court, and they have given no indication that they intend to prosecute this action. Given their failure to heed the Court's orders and appear to prosecute this action, despite ample time to do so and clear notice that his case will be dismissed for failure to prosecute, "it would be unfair to the numerous other litigants awaiting the Court's attention to permit [their claims] to remain on the Court's docket," *Antonio v. Beckford*, 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). It would also be unfair to the other plaintiffs in this action and to Defendants, who at this time have indicated intent to proceed with this action and deserve the opportunity to litigate their claims expeditiously. In light of these circumstances, the Court does not believe that any lesser sanction other than dismissal would be effective. However, the Court finds that dismissal without prejudice is an appropriate sanction, which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).

Accordingly, the claims of Plaintiffs Braccia, Robbins, Vargas, and Soto against Defendants are dismissed without prejudice for failure to prosecute pursuant to Rule 41(b). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiffs by certified mail.

SO ORDERED.

Dated: November 20, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge